UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-2507-GW-ASx | Date | August 23, 2021 |
|---|---|---|---|
| Title | *Center for Biological Diversity, et al. v. U.S. Bureau of Land Management, et al.* | | |

Present: The Honorable **GEORGE H. WU, UNITED STATES DISTRICT JUDGE**

| Javier Gonzalez | Terri A. Hourigan | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Gregory C. Loarie | Luther L. Hajek, USDOJ |
| | Lawrence J. Jensen |

**PROCEEDINGS:** **TELEPHONIC HEARING ON INTERVENING DEFENDANTS CADIZ, INC. AND CADIZ REAL ESTATE LLC'S MOTION TO INTERVENE AS DEFENDANTS [16]**

Court and counsel confer. The Tentative circulated and attached hereto, is adopted as the Court's Final Ruling. The Court GRANTS the Motion.

The Government's request to extend their deadline to respond to the complaint and/or request for additional time is granted to August 30, 2021. Intervenor Defendants may also respond by August 30, 2021.

|  | : | 03 |
|---|---|---|
| Initials of Preparer | JG | |

<u>*Center for Biological Diversity et al. v. U.S. Bureau of Land Management et al.*</u>; Case No. 2:21-cv-02507-GW-(ASx); Tentative Ruling on Motion to Intervene

**I. Background**

Plaintiffs Center for Biological Diversity, Defenders of Wildlife, and Sierra Club sued Defendants United States Bureau of Land Management, Debra Haaland, Nada Culver, Karen Mouritsen, Andrew Archuleta, and Michael Ahrens (collectively, "BLM"), seeking declaratory and injunctive relief as to two rights-of-way that BLM issued to Cadiz, Inc. and Cadiz Real Estate, LLC (collectively, "Cadiz"), which are "for-profit corporations that have acquired over 34,000 acres of private land in the Mojave Desert." *See* Complaint, Docket No. 1, ¶¶ 1, 41. Cadiz purportedly seeks to construct and operate the "Cadiz Valley Water Conservation, Recovery and Storage Project" or "Cadiz Water Project," through which Cadiz will extract and sell groundwater to municipal water districts and other users. *See id.* ¶ 42. Plaintiffs allege that on December 21, 2020, BLM issued to Cadiz two rights-of-way "to convey water through a mothballed oil and gas pipeline that crosses Mojave Trails National Monument and other protected public land in southeastern California." *See id.* ¶¶ 1, 56. The first right-of-way – previously granted to the El Paso Natural Gas Company under the Mineral Leasing Act of 1920 and reassigned to Cadiz by BLM – contains a portion of the oil and gas pipeline at issue, and the second right-of-way converts the Mineral Leasing Act right-of-way to a Federal Land Policy and Management Act ("FLPMA") right-of-way such that Cadiz can use the right-of-way to transport water. *See id.* ¶¶ 49-50.

Plaintiffs allege that BLM issued the rights-of-way "with no environmental review, in violation of the National Environmental Policy Act (NEPA)." *See id.* ¶ 3. Plaintiffs further allege that BLM violated the Mojave Trails National Monument Proclamation's requirements and the FLPMA by issuing these rights-of-way. *See id.* Accordingly, Plaintiffs request that the Court: (1) issue a declaratory judgment that BLM violated the law as described in the Complaint; (2) vacate and set aside the two rights-of-way at issue; (3) enjoin BLM from authorizing or otherwise allowing Cadiz to undertake any activities within the rights-of-way at issue; and (4) award Plaintiffs fees and costs. *See id.* at 23.

On June 17, 2021, Cadiz filed the instant motion to intervene either as a matter of right or permissively under Federal Rule of Civil Procedure Rule 24. *See generally* Motion to Intervene as Defendants ("Motion"), Docket No. 16. Plaintiffs have filed a Response stating that "they take no position with respect to the motion to intervene." *See* Response to Motion, Docket No. 23.

1

BLM has not filed a response to the Motion. During the C.D. Cal. L.R. 7-3 conference, counsel for Plaintiffs and BLM represented to counsel for Cadiz that their respective clients take no position on the instant Motion. *See* Declaration of Diane C. De Felice in Support of Motion to Intervene, Docket No. 16-2, ¶¶ 5-6.

## II. Legal Framework

"A party seeking to intervene as of right must meet four requirements: (1) the applicant must timely move to intervene; (2) the applicant must have a significantly protectable interest relating to the property or transaction that is the subject of the action; (3) the applicant must be situated such that the disposition of the action may impair or impede the party's ability to protect that interest; and (4) the applicant's interest must not be adequately represented by existing parties." *Arakaki v. Cayetano*, 324 F.3d 1078, 1083 (9th Cir. 2003) (citation omitted). "While an applicant seeking to intervene has the burden to show that these four elements are met, the requirements are broadly interpreted in favor of intervention." *Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 897 (9th Cir. 2011) (citation omitted).

## III. Discussion

The Court would grant the Motion, because the existing parties do not oppose it and because Cadiz appears to satisfy the requirements for intervention as of right.

First, the Court would find Cadiz's Motion timely. BLM has not filed a response to Plaintiffs' Complaint and the Court granted the parties' stipulation to extend the response deadline to August 25, 2021. *See* Order Approving Second Stipulation to Extend Time to Respond, Docket No. 31; *see also Citizens for Balanced Use*, 647 F.3d at 897 (concluding that a motion to intervene was timely when made less than two weeks after the defendants filed their answer to the complaint). No substantive proceedings have occurred in this matter. Further, there is no indication that the parties will suffer any prejudice or delay.

Second, Cadiz likely has a significantly protectable interest in the case. One of the rights-of-way at issue allows Cadiz to use a portion of an existing in-ground pipeline – which the El Paso Natural Gas Company has agreed to sell to Cadiz – to transport water. *See* Declaration of Stanley Speer in Support of Motion to Intervene ("Speer Decl."), Docket No. 16-1, ¶ 6, Exh. 1; *see also* Complaint ¶¶ 48-49. If the Court were to grant Plaintiffs' sought-after relief, Cadiz would not be able to use that right-of-way to transport water from any source for its customers. *See* Speer Decl. ¶ 7. Additionally, if the Court vacates the rights-of-way, "Cadiz will have to expend significant

resources on renewed applications and any additional compliance, which will impose costs both in terms of expenditures to support the required work and delays in putting the pipeline to uses that will beneficial and enable Cadiz to earn a return on its investment." *See id.* ¶ 11. The Court therefore would conclude that Cadiz "has a sufficient interest for intervention purposes" because it would "suffer a practical impairment of its interests as a result of the pending litigation." *See California ex rel. Lockyer v. United States*, 450 F.3d 436, 441 (9th Cir. 2006).

Third, for the reasons stated above, the Court would conclude that the disposition of this action may impede Cadiz's ability to protect its interest. *See Lockyer*, 450 F.3d at 442 ("Having found that [proposed intervenors] have a significant protectable interest, we have little difficulty concluding that the disposition of this case may, as a practical matter, affect it."); *see also* Fed. R. Civ. P. 24 Advisory Committee's Notes to 1966 Amendment ("If an absentee would be substantially affected in a practical sense by the determination made in an action, he should, as a general rule, be entitled to intervene . . . ."). If Plaintiffs ultimately prevail, Cadiz will be substantially affected in that, *inter alia*, it will have to expend resources and time to obtain approval for the rights-of-way.

Fourth, the Court would determine that Cadiz has met its "minimal" burden and established that BLM's representation "may be" inadequate to protect Cadiz's interests. *See Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n.10 (1972); *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 823 (9th Cir. 2001). In analyzing whether the existing parties' representation may be inadequate, courts consider three factors: "(1) whether the interest of a present party is such that it will undoubtedly make all of a proposed intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether a proposed intervenor would offer any necessary elements to the proceeding that other parties would neglect." *Arakaki*, 324 F.3d at 1086 (citation omitted). "The most important factor in determining the adequacy of representation is how the interest compares with the interests of existing parties." *Id.* (citation omitted). While there is a presumption of adequacy of representation when the government is acting on behalf of a constituency it represents, and where the proposed intervenor has the same ultimate objective as a party, the presumption is rebuttable. *Id.*

Here, the Court would find that Cadiz's interests do not exactly align with BLM's and that BLM's representation may therefore be inadequate. *See Sw. Ctr. for Biological Diversity*, 268 F.3d at 823 (recognizing that even if a presumption of adequacy applies, it is rebutted where the

intervenors and parties "do not have sufficiently congruent interests"). Specifically, Cadiz's interests may be narrower than BLM's. *See Californians for Safe & Competitive Dump Truck Transp., v. Mendonca*, 152 F.3d 1184, 1190 (9th Cir. 1998) (permitting intervention in a lawsuit filed against a state entity in part because the intervenor's interests "were potentially more narrow and parochial than the interests of the public at large . . . ."). Cadiz is focused on its interest as the holder of the rights-of-way and "as a business entity trying to develop a viable business plan for the transport of water," whereas "BLM will be focused on defending its interpretation of the requirements of NEPA and FLPMA." *See* Motion at 1, 10. It is not difficult to imagine a scenario where Cadiz and BLM will assert different arguments that emphasize their own interests over those of the other party. The potential divergence of interests and the likelihood of distinct arguments is enough at this stage for Cadiz to establish "sufficient doubt about the adequacy of representation to warrant intervention." *See Sw. Ctr. for Biological Diversity*, 268 F.3d at 824 (quoting *Trbovich*, 404 U.S. at 538). Further, the Court's tentative conclusion is bolstered by the current parties' non-opposition to the Motion. *Cf. Arakaki*, 324 F.3d at 1087 (noting that proposed intervenor did not establish inadequacy of representation in part because the existing parties stated to the court that they would make all of the intervenor's arguments). Because the Court is inclined to allow Cadiz to intervene as a matter of right, it need not reach permissive intervention.

**IV. Conclusion**

Based on the foregoing discussion, the Court would **GRANT** the Motion.