**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY; DEFENDERS OF WILDLIFE; SIERRA CLUB, *Plaintiffs-Appellees,* | No. 22-55317 |
| | D.C. No. 2:21-cv-02507-GW-AS |
| v. | |
| BUREAU OF LAND MANAGEMENT; DEB HAALAND, Secretary of Interior; NADA CULVER, Senior Advisor to the Secretary of the Department of the Interior; KAREN MOURITSEN, California Director, Bureau of Land Mgmt.; ANDREW ARCHULETA, California Desert District Manager, Bureau of Land Mgmt.; MICHAEL AHRENS, Needles Field Office Manager, Bureau of Land Mgmt., *Defendants-Appellees,* | OPINION |
| CADIZ, INC.; CADIZ REAL ESTATE LLC, *Intervenor-Defendants-Appellees,* | |
| v. | |

COMMUNITY BUILD, INC.;
SOUTHERN CHRISTIAN
LEADERSHIP CONFERENCE OF
GREATER LOS ANGELES; LOS
ANGELES METROPOLITAN
CHURCHES; NEWSTART
HOUSING CORPORATION; THE
TWO HUNDRED FOR
HOMEOWNERSHIP;
FARMWORKERS INSTITUTE FOR
EDUCATION & LEADERSHIP
DEVELOPMENT; LEAGUE OF
UNITED LATIN AMERICAN
CITIZENS OF CALIFORNIA; LA
COOPERATIVA CAMPESINA DE
CALIFORNIA, Proposed Defendant-
Intervenors,
          *Movants-Appellants.*

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Argued and Submitted January 12, 2023
Pasadena, California

Filed May 26, 2023

Before:  Paul J. Watford, Michelle T. Friedland, and Mark
J. Bennett, Circuit Judges.

Opinion by Judge Friedland;
Concurrence by Judge Friedland

# SUMMARY[*]

## Intervention

The panel dismissed for lack of jurisdiction an appeal challenging the district court's order denying several organizations' motion to intervene as defendants in a lawsuit against the Bureau of Land Management ("BLM") challenging the grant of two rights-of-way.

While the appeal was pending, the district court held that the decision to grant the rights-of-way was arbitrary and capricious, vacated it, and remanded the matter to the agency. The panel held that the district court's ruling mooted the intervention dispute.

Generally, if the underlying litigation is complete, an appeal of a denial of intervention is moot and must be dismissed. The panel held that an intervention dispute would remain alive if this court could grant effectual relief, or if there were some other way for the proposed intervenors to obtain their desired relief.

Here, the district court's proceedings are complete. No party has filed an appeal of the district court's merits order, and under *Alsea Valley Alliance v. Department of Commerce*, 358 F.3d 1181 (9th Cir. 2004), this Court would not have jurisdiction over such an appeal brought by Appellants even if they were granted intervention.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

Remands-without-vacatur are generally not considered final. However, *Alsea* held that when a district court declares an agency action invalid and orders remand-with-vacatur, the district court's order is treated as a final, appealable judgment under 28 U.S.C. § 1291 if: "(1) the district court conclusively resolves a separable legal issue, (2) the remand order forces the agency to apply a potentially erroneous rule which may result in a wasted proceeding, and (3) review would, as a practical matter, be foreclosed if an immediate appeal were unavailable."

In *Pit River Tribe v. U.S. Forest Serv.*, 5615 F.3d 1069 (9th Cir. 2010), this court relied on *Alsea*'s third prong to hold that it lacked appellate jurisdiction, reasoning that because the agencies could either extend or decline to extend two leases to develop geothermal power plants on remand, any decision by this court prior to the decision on remand could prove unnecessary, and thus the district court's order was not final and appealable. The panel held that this case was indistinguishable from *Pit River Tribe*. BLM failed to conduct the relevant statutory reviews before granting the rights-of-way. The district court vacated the decision to grant the rights-of-way but explicitly noted that BLM might re-grant them on remand after performing the requisite analyses. From Appellants' perspective, eventual appellate review about the rights-of-way is therefore not foreclosed, so *Alsea*'s third requirement is not satisfied.

The panel also concluded that the "capable of repetition, yet evading review" exception to mootness did not apply because the intervention dispute is not inherently limited in duration such that it is always likely to become moot before federal court litigation is completed. There was no reason to think that if another lawsuit arose regarding similar rights-of-way and Appellants attempted to appeal a denial of

intervention, there would be another immediate remand that would moot any intervention appeal.

Because the merits dispute has been remanded to the agency and this court could not afford Appellants any path to relief by granting intervention, Appellants' appeal of the denial of intervention is moot.

Judge Friedland, joined by Judge Bennett, concurred. Although precedent compelled the conclusion that the intervention dispute was moot, she wrote separately to urge the court to reconsider en banc *Alsea*'s holding—that orders invalidating and then remanding and vacating agency actions are nonfinal and not appealable unless three criteria are satisfied—when the right opportunity arises. She urged a more pragmatic approach to finality under which a remand-with-vacatur is considered a final order.

## COUNSEL

Rafe Petersen (argued), Holland & Knight, LLP, Washington, D.C.; Jennifer L. Hernandez, Holland & Knight, LLP, Los Angeles, California.; David A. Robinson and Kevin J. Ashe, Holland & Knight, LLP, Irvine, California; for Movants-Appellants.

Amelia G. Yowell (argued), Andrew C. Mergen, Daniel J. Halainen, and Luther L. Hajek, Attorneys; Todd Kim, Assistant Attorney General; Environment and Natural Resources Division, United States Department of Justice; Washington, D.C.; Laura L. Barhydt and Michael D. Smith, Attorney-Advisors; Office of the Solicitor, United States Department of Justice; Washington, D.C.; for Defendants-Appellees.

Lisa T. Belenky and Aruna M. Prabhala, Center for Biological Diversity, Oakland, California; Elizabeth Britta Forsyth and Gregory Cahill Loarie, Earthjustice, San Francisco, California; for Plaintiffs-Appellees.

Diana C. De Felice, Brownstein Hyatt Farber Schreck LLP, Los Angeles, California; Christopher O. Murray, Brownstein Hyatt Farber Schreck LLP, Denver, Colorado; for Intervenor-Defendants-Appellees.

## OPINION

FRIEDLAND, Circuit Judge:

Several organizations sought to intervene as defendants in a lawsuit against the Bureau of Land Management challenging the grant of two rights-of-way. The district court denied intervention, and the proposed intervenors filed this appeal. While the appeal was pending, the district court held that the decision to grant the rights-of-way was arbitrary and capricious, vacated it, and remanded the matter to the agency. We hold that the district court's ruling mooted the intervention dispute, and we accordingly dismiss this appeal.

## I.

In 2020, Cadiz Real Estate LLC applied to the Bureau of Land Management ("BLM") for two rights-of-way: one for the right to use an existing natural gas pipeline and the second to use that pipeline to transport water across federal lands in California. In its application, Cadiz represented that it would provide water for various municipal, agricultural, and industrial uses but identified no specific plans. Although

the potential impacts of the proposed rights-of-way could have triggered administrative review obligations under the National Historic Preservation Act ("NHPA"), the National Environmental Policy Act ("NEPA"), and the Federal Land Policy and Management Act ("FLPMA"), BLM did not conduct reviews under any of these statutes.  It nonetheless approved the application, reassigning to Cadiz the existing gas pipeline and allowing its use for water transport.

In early 2021, the Center for Biological Diversity and other environmental groups (collectively, "CBD") filed the lawsuit that led to this appeal.  CBD challenged BLM's approval of the rights-of-way, arguing that BLM had violated NEPA and FLPMA.  On the same day, the Native American Land Conservancy and the National Parks Conservation Association also sued BLM, asserting that approval of the rights-of-way had violated those same statutes, as well as NHPA.  Cadiz moved to intervene as a defendant in both suits, which the district court permitted.

Because a new presidential administration had just assumed office, both suits were stayed until late 2021 to allow the new administration to assess its position on the matter.    BLM  then  admitted  error—conceding noncompliance with NEPA, failure to assess compliance with FLPMA, and failure to evaluate impacts under NHPA. In both suits, BLM moved for remand and vacatur of the grant of the rights-of-way.

A coalition of civil rights, housing, and environmental justice organizations serving disadvantaged communities in Southern California ("Appellants") subsequently moved to

intervene as defendants in this lawsuit.[1]  Appellants hoped
Cadiz's water pipeline would be used to expand access to
clean, affordable water in their communities and sought to
present social and environmental justice reasons for
maintaining the grant of the rights-of-way to Cadiz.  The
district court denied both intervention as of right and
permissive intervention, explaining that Appellants'
interests would be adequately represented by Cadiz.
Appellants appealed that decision to our court, and no one
sought a stay of the district court proceedings pending that
appeal.

While the parties were still briefing the intervention
dispute before our court, the district court granted BLM's
motion for remand and vacatur in a combined order that
addressed both the suit brought by CBD and the suit brought
by the Native American Land Conservancy.  The court
concluded that because BLM had not undertaken the
analyses required by NEPA, NHPA, and FLPMA, the
agency's decision to grant the rights-of-way was arbitrary
and capricious.  The district court remanded to BLM to allow
it to "reevaluate its decision" and vacated the grant of the
rights-of-way, explaining that vacatur was appropriate
because the "statutory processes were bypassed almost
entirely" and the water transportation project was still in a
preliminary phase.  No one appealed that order.

---

[1] Appellants did not move to intervene in the lawsuit brought by the
Native American Land Conservancy.

Once the parties informed us of the remand-with-vacatur,[2] we ordered supplemental briefing on whether this intervention appeal had become moot, which the parties submitted prior to oral argument. Appellants argue that their appeal is not moot and that, because Cadiz could not adequately represent their interests, the district court was wrong to deny intervention. BLM argues that the district court was correct to deny intervention but that we lack jurisdiction to review that decision because the intervention dispute was mooted by the district court's order remanding and vacating the grant of the rights-of-way.

## II.

The denial of a motion to intervene as of right is a final, appealable order, so we typically have jurisdiction over appeals of such denials. *See* 28 U.S.C. § 1291; *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1302 (9th Cir. 1997). But an appeal of a denial of intervention is moot if it is "impossible for the court to grant any effectual relief whatever to the putative intervenor even if [the court] were to determine that the district court erred in denying his intervention." *United States v. Sprint Commc'ns, Inc.*, 855 F.3d 985, 990 (9th Cir. 2017) (quotation marks and citation omitted). In other words, if reversing the district court's denial of intervention could not help the prospective intervenors further their interests, the intervention dispute is moot.

---

[2] In this opinion, we use "remand-with-vacatur" to mean only the kind of remand with vacatur that occurred here—one following a merits determination holding the rule invalid. We do not include the rare instances in which courts have impermissibly remanded and vacated rules without first holding them unlawful. *See In re Clean Water Act Rulemaking*, 60 F.4th 583, 593-94 (9th Cir. 2023).

That is the case here.  As we will explain, the district court's remand-with-vacatur order terminated the proceeding in which Appellants sought to intervene, and we would not have jurisdiction over an attempted appeal of that order, so there is no relief available to Appellants even if they were to persuade us that the district court should have granted intervention.  The appeal is therefore moot.

### A.

Generally, if the underlying litigation is complete, an appeal of a denial of intervention is moot and must be dismissed.  *See W. Coast Seafood Processors Ass'n v. Nat. Res. Def. Council, Inc.*, 643 F.3d 701, 704 (9th Cir. 2011) (holding that because the underlying litigation had ended and no party had appealed, we could not grant any "effective relief" (quoting *Outdoor Media Grp., Inc. v. City of Beaumont*, 506 F.3d 895, 900 (9th Cir. 2007))); *Akina v. Hawaii*, 835 F.3d 1003, 1010 (9th Cir. 2016) ("[This court] has no jurisdiction over an appeal that has become moot."). But if we could permit the proposed intervenors to participate in ongoing district court proceedings or in an appeal of a district court's merits decision, that would amount to "effectual relief," so the intervention dispute would remain alive.**3**  *See, e.g.*, *Allied Concrete & Supply Co. v. Baker*, 904 F.3d 1053, 1066 (9th Cir. 2018).

---

3 Our caselaw has been arguably inconsistent about whether, in cases in which the district court reached a final judgment on the merits, the absence of an existing appeal by a current party renders moot any appeal of a denial of intervention.  For example, in *West Coast Seafood*, we held that an appeal of a denial of intervention was moot because the district court had issued a final judgment on the merits "from which neither party ha[d] appealed," suggesting that the intervention dispute remains live

An intervention dispute may also remain alive if there is some other way for the proposed intervenors to obtain their desired relief. For instance, in *Sprint Communications*, the parties had settled, and the district court had granted voluntary dismissal of the suit before our court could rule on the proposed intervenor's appeal of the denial of intervention. *See* 855 F.3d at 989-90. We held that because the proposed intervenor "might be able to object to the settlement or otherwise seek his share of the proceeds" from the liable party, the appeal was not moot. *Id.* at 990.

---

only if an appeal has already been filed by existing parties. 643 F.3d at 704. By contrast, in *DBSI/TRI IV Ltd. Partnership v. United States*, 465 F.3d 1031 (9th Cir. 2006), we suggested that the potential for a future merits appeal by the intervenors could keep the intervention dispute alive. *See id.* at 1037. Even though DBSI and the government had stipulated to the district court's judgment in the quiet title action there, *see id.* at 1036, signaling that they would not appeal, we held that the proposed intervenors' appeal of the denial of intervention was not moot because "if it were concluded on appeal that . . . [they were] indeed entitled to intervene . . . , then the [intervenors] would have standing to appeal the district court's judgment." *Id.* at 1037 (quoting *Canatella v. California*, 404 F.3d 1106, 1109 n.1 (9th Cir. 2005)).

We need not resolve any inconsistency in these cases because, as we will explain, Appellants could not have appealed on the merits even if they had been granted intervention in the district court in the first place. Under our caselaw, the order remanding and vacating is not a final, appealable judgment. Further, because that order is not a final, appealable judgment, we need not consider whether any attempted appeal by Appellants would be barred on timeliness grounds at this point. *See Evans v. Synopsys, Inc.*, 34 F.4th 762, 770 (9th Cir. 2022) (holding that the appeal deadline in 28 U.S.C. § 2107 applies to appeals by intervenors).

**B.**

Here, the district court's proceedings are complete. Nothing remains pending before the district court: The court resolved all of the claims in its merits order and noted on the docket that "this matter is now closed." The only potential path to relief for Appellants, then, would be through participation in an appeal of the merits order. But no party has filed such an appeal, and under *Alsea Valley Alliance v. Department of Commerce*, 358 F.3d 1181 (9th Cir. 2004), we would not have jurisdiction over such an appeal brought by Appellants even if they were granted intervention.

Remands-with-vacatur are generally not considered final. *See id.* at 1184-86. *Alsea* held, however, that when a district court declares an agency action invalid and orders remand-with-vacatur, the district court's order is treated as a final, appealable judgment under 28 U.S.C. § 1291 if: "(1) the district court conclusively resolves a separable legal issue, (2) the remand order forces the agency to apply a potentially erroneous rule which may result in a wasted proceeding, and (3) review would, as a practical matter, be foreclosed if an immediate appeal were unavailable." *Id.* at 1184 (quoting *Collord v. U.S. Dep't of Interior*, 154 F.3d 933, 935 (9th Cir. 1998)). This framework applies to attempted appeals brought by both agency and non-agency litigants. *See, e.g.*, *Collord*, 154 F.3d at 935 (applying the inquiry to an appeal brought by an agency); *Pit River Tribe v. U.S. Forest Serv.*, 615 F.3d 1069, 1072-77 (9th Cir. 2010) (applying the three-prong inquiry to an appeal brought by non-agency litigants).

In *Alsea*, the third prong alone dictated that appellate jurisdiction was lacking. The district court there had declared unlawful and set aside the National Marine

Fisheries Service's final rule designating as "threatened" under the Endangered Species Act one type of salmon but not a related type. 358 F.3d at 1183. The district court had remanded to the agency for reconsideration of the salmon categorization, and several environmental organization intervenors appealed. *See id.* at 1184. We evaluated whether future appellate review "would, as a practical matter, be foreclosed" from the perspective of the party attempting to appeal—the intervenors. *Id.* (quoting *Collord*, 154 F.3d at 935). Because the agency on remand could still issue a salmon-designation rule that satisfied the intervenors' concerns and because, if the agency did not, the intervenors could "bring suit at that point to challenge the Service's action," a later appeal by the intervenors was not foreclosed, and "any decision by us could [have] prove[n] entirely unnecessary." *Id.* at 1185.[4] We therefore held that the remand-with-vacatur was not a final, appealable order under 28 U.S.C. § 1291. *See id.*[5]

*Alsea* contrasted the situation there with one in which an agency appellant "compelled to refashion [its] own rules" could "face the unique prospect of being deprived of review

---

[4] *Alsea* treated the part of the district court's order that remanded the regulation as inseparable from the part of the order that vacated it. *See* 358 F.3d at 1185-86 (rejecting the intervenors' efforts to "tr[y] to parse the district court's order [by] arguing that setting aside the [rule] is a separately appealable district court decision, distinct from declaring the [rule] unlawful").

[5] In *Alsea*, we also rejected the argument that the order was appealable under 28 U.S.C. § 1292. *See* 358 F.3d at 1186. We observed that Section 1292(a)(1) gives us jurisdiction over appeals of interlocutory orders "granting . . . injunctions." *Id.* (quoting 28 U.S.C. § 1292(a)(1)). But we held that the remand-with-vacatur did not have the "practical effect" of granting an injunction. *Id.* at 1186-87.

altogether" if an immediate appeal were unavailable.  *Id.* at 1184.  For instance, in *Collord*, the district court had held that the Equal Access to Justice Act applied to the agency proceedings and remanded for the agency to consider the merits of an application for fees under that Act.  *See* 154 F.3d at 935.  The Secretary of the Interior appealed, and we explained that if immediate review of the applicability of the Act were not available, review of the Secretary's position that the statute did not apply might be foreclosed altogether: The Secretary would not be able to appeal "his own agency's decision" if it was favorable to the applicants on remand.  *Id.* The remand order was thus final for the purposes of the Secretary's appeal.  *See id.*

In *Pit River Tribe*, we held that the situation was more like that in *Alsea* than that in *Collord* and again relied on the third prong to hold that we lacked appellate jurisdiction. There, BLM had extended two leases to develop geothermal power plants without conducting the statutorily required environmental reviews.  *See* 615 F.3d at 1073-74.  The district court accordingly ordered vacatur of BLM's actions and remanded with instructions for the agencies involved to perform the required analyses before ruling on the leases. *See id.* at 1074.  The plaintiffs who had challenged BLM's actions appealed, disputing the scope of the district court's vacatur.  *See id.* at 1072-74.  We held that because the agencies could either extend or decline to extend the leases on remand, any decision by our court prior to the decision on remand could prove unnecessary and thus the district court's

order was not final and appealable under *Alsea*. *See id* at 1074-77.[6]

This case is indistinguishable from *Pit River Tribe*. BLM failed to conduct the relevant statutory reviews before granting the rights-of-way to Cadiz. The district court vacated the decision to grant the rights-of-way but explicitly noted that BLM might re-grant them on remand after performing the requisite analyses. If BLM reissues the rights-of-way on remand, Appellants will have gotten what they wanted. If BLM does not reissue the rights-of-way, Appellants will be able to challenge that decision then, including through an eventual appeal as needed. From Appellants' perspective, eventual appellate review about the rights-of-way is therefore not foreclosed, so *Alsea*'s third requirement is not satisfied.[7]

Appellants attempt to distinguish this case from *Alsea* by arguing that *Alsea* was about the validity of a regulation, not about rights granted to private parties. But *Pit River Tribe* concerned geothermal leases given to private parties—quite akin to the rights-of-way here. *See* 615 F.3d at 1073. And

---

[6] In addition to determining that we lacked jurisdiction under 28 U.S.C. § 1291 as interpreted in *Alsea*, *Pit River Tribe* also followed *Alsea* with respect to § 1292. Because the district court "did not compel the relevant agency to take or refrain from any action," *Pit River Tribe*, 615 F.3d at 1078, but merely prohibited, as "a practical matter, the enforcement of the [agency's] decision as is," we held that "[i]t would be far too tenuous . . . to maintain that this is the practical equivalent of 'enjoining' the [agency]," *id.* (quoting *Alsea*, 358 F.3d at 1186).

[7] Although from BLM's perspective, future appellate review might be foreclosed, that makes no difference here. "[A]ppellant-intervenors 'do not succeed to the agency's right to appeal which is unique to itself.'" *Alsea*, 358 F.3d at 1185 (quoting *Smoke v. Norton*, 252 F.3d 468, 472 n.1 (D.C. Cir. 2001) (Henderson, J., concurring)).

our cases have in no way suggested that the type of agency action or whom it impacts should change our analysis under *Alsea*.

## C.

Appellants also assert that, regardless of the availability of an appeal on the merits, the "capable of repetition, yet evading review" exception to mootness applies to the intervention question here. To satisfy the second requirement of this exception ("evading review"), the controversy must be "inherently limited in duration such that it is likely always to become moot before federal court litigation is completed." *W. Coast Seafood*, 643 F.3d at 705 (quoting *Ctr. for Biological Diversity v. Lohn*, 511 F.3d 960, 965 (9th Cir. 2007)). As we recognized in *West Coast Seafood*, denials of intervention will not typically evade review because they usually do not become moot before appellate review is complete. *See id.*

Whether the controversy over a proposed intervenor's right to intervene is moot "depends on the duration of the underlying litigation." *Id.* Where the underlying merits dispute about the validity of the agency's action could continue for multiple years, the intervention dispute is not "inherently limited in duration." *Id.* (quoting *Lohn*, 511 F.3d at 965). In both *West Coast Seafood* and here, the underlying case would have remained alive but for one of the party's actions: There, the plaintiff voluntarily dismissed the appeal, *see id.*, and here, BLM conceded error and requested remand. Such a quick resolution of the merits through a voluntary remand is not the norm. To the contrary, we frequently reverse denials of intervention while litigation is still pending before the district court. *See, e.g.*, *Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 895

(9th Cir. 2011); *California ex rel. Lockyer v. United States*, 450 F.3d 436, 445 (9th Cir. 2006).  We have also exercised jurisdiction over appeals of denials of intervention after district court proceedings have ended but while participation in an appeal is still possible.  *See, e.g.*, *Canatella v. California*, 404 F.3d 1106, 1109 n.1 (9th Cir. 2005); *Wilson*, 131 F.3d at 1301 n.1.  There is no reason to think that if another lawsuit arose regarding similar rights-of-way and Appellants attempted to appeal a denial of intervention, there would be another immediate voluntary remand that would moot any intervention appeal.  The "capable of repetition, yet evading review" exception to mootness therefore does not apply.

## III.

Because the merits dispute has been remanded to the agency and we could not afford Appellants any path to relief by granting intervention, Appellants' appeal of the denial of intervention is moot.  We therefore **DISMISS** for lack of jurisdiction.

FRIEDLAND, Circuit Judge, with whom BENNETT, Circuit Judge, joins, concurring:

Our precedent compels us to conclude that the intervention dispute here is moot, but I write separately to express my concern about that precedent.  The holding in *Alsea Valley Alliance v. Department of Commerce*, 358 F.3d 1181 (9th Cir. 2004)—that orders invalidating and then remanding and vacating agency actions are nonfinal and not appealable unless three criteria are satisfied—rests on flawed assumptions and risks serious injustice in high-stakes

disputes.  At least in the context of formal regulations and other agency actions resembling the Bureau of Land Management's grant of the rights-of-way here, vacatur[1] operates like a final judgment or an injunction such that we should have jurisdiction over appeals of remands-with-vacatur under 28 U.S.C. § 1291, § 1292, or both.  I urge my colleagues to reconsider en banc *Alsea*'s rule when the right opportunity arises.[2]

## I.

*Alsea* failed to recognize that, in a case challenging an agency action, vacatur of that agency action effectively ends the parties' dispute and allows practical costs and benefits to immediately accrue, causing the vacatur to operate as a final judgment under 28 U.S.C. § 1291.

In *Alsea*, we held that "remand orders generally are not 'final decisions' for purposes of section 1291" and that this remained true when the remand order included vacatur of a regulation.   358 F.3d at 1184-86 (citation omitted).  Assuming that "vacatur of an unlawful agency rule normally accompanies a remand," we declined to separately evaluate a vacatur's finality.  *Id.* at 1185-86.  We recognized only a narrow exception to the rule of nonfinality that resembles the

---

[1] When I refer herein to district court orders using the terms "vacatur" or "remand-with-vacatur," I speak only of orders that occur after the district court has held the agency action to be invalid.  I do not mean to include remand and/or vacatur orders that occur without a merits determination, such as the one reviewed in *In re Clean Water Act Rulemaking*, 60 F.4th 583 (9th Cir. 2023).  *See id.* at 592-93.

[2] For reasons related to a parallel lawsuit brought by the Native American Land Conservancy challenging the grant of the rights-of-way here, I do not think this particular case is a good vehicle for reconsidering *Alsea* en banc.

three-prong test for a reviewable collateral order.[3] We concluded, in other words, that a remand order—whether accompanied by vacatur of the challenged agency action or not—is by nature nonfinal, but may on rare occasion qualify as the kind of collateral order treated as final for purposes of appeal.

*Alsea* was wrong to treat vacatur of a regulation as not adding anything significant to a remand and to treat the two together as presumptively nonfinal. Under general finality principles, an order that "ends the litigation on the merits" by resolving the "core dispute," granting one party the desired relief, and "leav[ing] nothing for the court to do but execute the judgment" is final under 28 U.S.C. § 1291. *In re Clean Water Act Rulemaking*, 60 F.4th 583, 591-93 (9th Cir. 2023) (first and third passages quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 467 (1978)). This inquiry is more pragmatic than technical. *See Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949).

---

[3] *Compare Alsea*, 358 F.3d at 1184 ("A remand order will be considered 'final where (1) the district court conclusively resolves a separable legal issue, (2) the remand order forces the agency to apply a potentially erroneous rule which may result in a wasted proceeding, and (3) review would, as a practical matter, be foreclosed if an immediate appeal were unavailable.'" (quoting *Collord v. U.S. Dep't of Interior*, 154 F.3d 933, 935 (9th Cir. 1998))), *with United States v. Pace*, 201 F.3d 1116, 1119 (9th Cir. 2000) ("Under the collateral order doctrine, a small class of decisions are appealable under § 1291 even though they do not terminate the underlying action. We have jurisdiction to hear an appeal of a district court's interlocutory order if the order (1) conclusively determines the disputed question; (2) resolves an important issue completely separate from the merits of the action; and (3) is effectively unreviewable on appeal from a final judgment." (quotation marks omitted)).

Of course, a remand order does not necessarily operate as a final judgment. In a case in which a district court remands but does not vacate a challenged regulation, for example, the remand itself merely returns jurisdiction to the agency where the proceedings continue. In the meantime, the remand does not award practical relief to those challenging the regulation because the regulation remains enforceable throughout the agency's review process. Appellate review in such a case may be premature: The dispute is ongoing, and the status quo is unchanged.

But when the district court also vacates an agency rule, that order is fundamentally a final judgment. A remand *with vacatur* terminates the parties' "core dispute" over whether the challenged agency action will remain in effect. *In re Clean Water Act Rulemaking*, 60 F.4th at 593. The remand-with-vacatur grants relief to the plaintiff and restores the state of the law to the status quo before the challenged agency action, ushering in real-world consequences—at least for the time that it takes for the agency to make a new decision and potentially indefinitely. *See id.* at 591 (holding that an order granting remand-with-vacatur that lacked a merits ruling was final because it "gave Plaintiffs everything they wanted").

In *Alsea*, we focused only on the potential for the agency's original rule to eventually be reinstated (*i.e.*, that the particular type of salmon could once again be protected as "threatened" under the Endangered Species Act) and ignored the impact of the vacatur in the interim. *See* 358 F.3d at 1185-86. The proposed intervenors had argued that "immediate harm" could befall the "salmon once stripped of the protections" of "threatened" status. *Id.* at 1185. Indeed, in the time it could have taken for the agency to act, the relevant salmon population could have been seriously

depleted or even gone extinct. But *Alsea* entirely disregarded this aspect of remands-with-vacatur. In my view, it is critical to the finality analysis that an agency may take years to reevaluate its rule (and may not issue a new rule at all), causing vacatur of the agency action to have consequences in the meantime at least as severe and as final as other "final" judgments.

Our jurisprudence has recognized and addressed this risk of practical harm during the pendency of remands by requiring district courts to weigh the severity of the "agency's errors" against the "disruptive consequences" of vacatur before deciding whether to order vacatur. *See Cal. Cmtys. Against Toxics v. U.S. E.P.A.*, 688 F.3d 989, 992 (9th Cir. 2012). But our judicial system also recognizes that judges can make mistakes, and appellate review exists to provide an opportunity to fix such mistakes.[4] After vacatur of an agency rule, however, justice is often denied under *Alsea* by delaying appellate review indefinitely until the agency issues a new decision. I urge a more pragmatic approach to finality under which a remand-with-vacatur is considered a final order.[5]

---

[4] Although an appeal can also take time, parties can seek a stay pending appeal in a situation where we would have jurisdiction over the appeal. *See, e.g.*, *Lair v. Bullock*, 697 F.3d 1200, 1203-04 (9th Cir. 2012).

[5] Alternatively, a remand-with-vacatur should be appealable as a collateral order under the traditional collateral order doctrine, without the modifications to that test reflected in *Alsea*. *See supra* note 3. Vacatur is "conclusive" in the sense that it is a formal remedy that completes the district court litigation and carries immediate impact, as opposed to a provisional stance. *See Cohen*, 337 U.S. at 546 (explaining that a matter is conclusive where it fully disposes of the issue rather than leaving it open or unfinished). It inherently resolves an important legal issue

## II.

For similar reasons, *Alsea* was also wrong to hold that an order vacating a regulation is not the functional equivalent of an injunction that could be appealed under 28 U.S.C. § 1292.

Section 1292(a)(1) accords appellate jurisdiction over orders "granting . . . injunctions." 28 U.S.C. § 1292(a)(1). To qualify under this provision, an order "must (1) have the practical effect of entering an injunction, (2) have serious, perhaps irreparable, consequences, and (3) be such that an immediate appeal is the only effective way to challenge it." *Calderon v. U.S. Dist. Ct.*, 137 F.3d 1420, 1422 n.2 (9th Cir. 1998) (citing *Carson v. Am. Brands, Inc.*, 450 U.S. 79, 84 (1981)). We have previously applied this test to hold, for example, that escrow orders have the "practical effect" of an injunction because they coerce a particular party and accord substantive relief. *See United States v. Cal-Almond Inc.*, 102 F.3d 999, 1002-03 (9th Cir. 1996). But *lis pendens* orders, which only serve as notice of an interest in a property without "absolutely forbid[ding]" any action, do not. *Orange County v. Hongkong & Shanghai Banking Corp. Ltd.*, 52 F.3d 821, 825-27 (9th Cir. 1995).

---

separate from the merits—that is, the equitable determination that the potentially disruptive consequences of vacating the rule are outweighed by the seriousness of the agency's error. *See Cal. Cmtys. Against Toxics*, 688 F.3d at 992. And this equitable determination is effectively unreviewable if an immediate appeal is unavailable. Once the agency makes a new decision, any new challenge in court will not concern the propriety of the vacatur; that question will be moot, and the practical impacts will have already occurred, potentially irreparably.

*Alsea* rejected the argument that an order remanding and vacating an agency rule has the "practical effect" of granting an injunction, stating:

> The order does not compel the Service to remove Oregon coast coho salmon from the threatened species list or take any other actions. Indeed, the only aspect of the summary judgment that remotely resembles injunctive relief is that it prohibits, as a practical matter, the enforcement of the Service's listing decision as is. It would be far too tenuous, however, to maintain that this is the practical equivalent of "enjoining" the Service.

358 F.3d at 1186. We warned that, if we took the conclusion that this had "the practical equivalent of 'enjoining' the Service . . . to its logical end, such reasoning would classify as 'injunctive' all declaratory relief that deems an agency rule unlawful." *Id.*

Contrary to this reasoning, vacatur operates just like a preliminary injunction. Indeed, by setting aside and thus forbidding the enforcement of the salmon listing in *Alsea*, the district court's vacatur *did* specifically compel the agency to remove the particular type of salmon from the threatened list—at least while the agency's new decision on remand was pending. *See id.* at 1185-86. Likewise, in this litigation, the vacatur of the grants of the rights-of-way accorded substantive relief to the plaintiffs by forcing the agency to prohibit Cadiz from developing the pipeline at least while the agency reconsiders whether to re-grant Cadiz

the rights-of-way. There is nothing "tenuous" about the analogy to an injunction.

In fact, in scenarios virtually indistinguishable from *Alsea* or this litigation, district courts have sometimes chosen to enjoin agency enforcement of a rule—rather than vacate it—pending further analysis. For instance, in *High Sierra Hikers Association v. Blackwell*, 390 F.3d 630 (9th Cir. 2004), the district court ordered the agency to complete the required National Environmental Policy Act ("NEPA") analysis and enjoined enforcement of its prior policy until the analysis was complete. *See id.* at 638, 642-43. The impact of the vacatur here is the same: The agency is forbidden from taking a certain action (*i.e.*, granting and enforcing the rights-of-way) until the statutorily required analyses are complete.

Given the functional equivalence of an order enjoining enforcement of an unlawful rule and an order vacating one, our current practice of reviewing the former but not the latter makes no sense and is inconsistent with the § 1292(a)(1) "practical effect" inquiry. *Compare, e.g.*, *Env't Def. Ctr. v. Bureau of Ocean Energy Mgmt.*, 36 F.4th 850, 866-71 (9th Cir. 2022), *petition for cert. filed*, No. 22-703 (Jan. 27, 2023) (exercising jurisdiction over an appeal of the district court's injunction ordering agencies to stop approving permits for well stimulation until the statutorily required environmental review was complete); *Bair v. Cal. Dep't of Transp.*, 982 F.3d 569, 576-77 (9th Cir. 2020) (exercising jurisdiction over an appeal of the district court's injunction halting a transportation development project until the environmental impact statement was finalized); *and High Sierra Hikers Ass'n*, 390 F.3d at 638-39 (exercising jurisdiction over an appeal of a district court's order modifying agency activity pending the required NEPA

analysis), *with Alsea*, 358 F.3d at 1187 (dismissing for lack of jurisdiction an appeal of a district court's remand-with-vacatur that prohibited the agency from enforcing the existing salmon listing).   Although district courts have discretion to determine the appropriate remedy, they should not be able to insulate their orders from review by selecting between forms of relief that differ only nominally.   As the Supreme Court has held, "[t]he 'practical effect' inquiry prevents such manipulation."   *Abbott v. Perez*, 138 S. Ct. 2305, 2320 (2018).   It should "not allow[] district courts to 'shield their orders from appellate review' by avoiding the label 'injunction.'"   *Id.* (quoting *Sampson v. Murray*, 415 U.S. 61, 87 (1974)).   Yet *Alsea* encourages district courts to do just that.

Further, concluding that remand-with-vacatur of an invalid agency action is practically equivalent to an injunction would not, as *Alsea* feared, result in us "classify[ing] as 'injunctive' all declaratory relief that deems an agency rule unlawful."   *Alsea*, 358 F.3d at 1186.   First, *Alsea* wrongly assumed that vacatur always accompanies remand.   *See Nat'l Wildlife Fed'n v. Espy*, 45 F.3d 1337, 1343 (9th Cir. 1995) (holding, nearly a decade before *Alsea* was decided, that "[a]lthough [a] district court has [the] power to do so, it is not required to set aside every unlawful agency action"); *see also Cal. Cmtys. Against Toxics*, 688 F.3d at 992 (adopting the holding in *Allied-Signal, Inc. v. U.S. Nuclear Regul. Comm'n*, 988 F.2d 146, 150-51 (D.C. Cir. 1993), that a court should evaluate the severity of the agency's errors and "the disruptive consequences of an interim change that may itself be changed" to determine if vacatur is appropriate).   To the contrary, a court could declare a rule unlawful and remand it but refuse to set it aside due to equitable considerations; such declaratory relief

would then not be injunctive.  Second, the other two prongs of the § 1292(a)(1) inquiry limit when we would classify vacatur as injunctive, at least for purposes of appellate review.  The consequences would need to be "serious, perhaps irreparable," and an immediate appeal would need to be the only way to address them.  *See Calderon*, 137 F.3d at 1422 n.2 (citation omitted).  But where these two criteria are satisfied, a specious distinction between the effects of vacatur and the effects of injunctive relief should not preclude us from exercising jurisdiction under § 1292.

\* \* \*

Agency actions take many forms, and a one-size-fits-all approach to the finality of remands-with-vacatur may not necessarily be appropriate.  But at least for agency actions similar to the one here, remand-with-vacatur operates as a final judgment.  A remand-with-vacatur resolves the parties' core dispute; compels the agency to take or refrain from taking a certain action; and can inflict serious, sometimes irreparable consequences, even if agency policy is subject to future change.  Sections 1291 and 1292 thus grant us appellate jurisdiction to review remands-with-vacatur. *Alsea*'s holding to the contrary should be reconsidered.